**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TROSTERUD, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. ______ |

**AFFIDAVIT OF CHRISTOPHER J. FONG IN SUPPORT OF MOTION BY PBTC RECOVERY PARTNERS, LLC FOR INJUNCTIVE RELIEF**

I, Christopher J. Fong, do hereby depose and state as follows:

1. I am an attorney with the law firm Nixon Peabody LLP, located at 55 West 46th Street, 24th Floor, New York, NY 10036-4120, and a member of the Bar of the State of New York in good standing.

2. I represent the plaintiff PBTC Recovery Partners, LLC ("PBTC") in the above-captioned adversary proceeding and *In re Kahan*, Case No. 24-11592 (Bankr. D. Mass.) (the "Bankruptcy Case").

3. I submit this affidavit (the "Affidavit") in support of the *Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* and *Memorandum of Law in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* (together, the "Motion").

4. As counsel for PBTC in the above-captioned adversary proceeding and the Bankruptcy Case, I am familiar with the record of the Bankruptcy Case and have personal knowledge of the attested facts by virtue of my representation thereof.

**A. Appendix Documents**

5. Concurrently with the filing of this Affidavit, PBTC has filed the *Appendix in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* (the "Appendix"). Capitalized terms used in this Affidavit but not otherwise defined shall have the meanings ascribed to them in the Appendix or the Motion.

6. Attached to the Appendix as **Exhibit A** is a true and correct copy of the executed Bill of Sale by and between the Bankruptcy Trustee and PBTC (the "Bill of Sale").

7. Attached to the Appendix as **Exhibit B** is a true and correct copy of the Sale Order issued in the Bankruptcy Case (the "Sale Order").

8. Attached to the Appendix as **Exhibit C** is a true and correct copy of the transcript of the section 341 meeting held in the Debtor's Chapter 7 Case on October 8, 2024 ("Tr. Oct. 8, 2024 Section 341 Meeting").

9. Attached to the Appendix as **Exhibit D** is a true and correct copy of the transcript of the section 341 meeting held in the Debtor's Chapter 7 Case on December 27, 2024 ("Tr. Dec. 27, 2024 Section 341 Meeting").

10. Attached to the Appendix as **Exhibit E** is a true and correct copy of the Bankruptcy Trustee's Demand for Turnover of Property of the Bankruptcy Estate to Hunter Penn dated November 25, 2024 (the "Trustee's Turnover Demand to Penn").

11. Attached to the Appendix as **Exhibit F** is a true and correct copy of the emails dated December 11 and December 12, 2024 between Nils Trosterud and Tony Barletta Jr. (the "Nils Dec. 2024 Emails").

12. Attached to the Appendix as **Exhibit G** are true and accurate screenshots of the iMessage conversations between Chris Green and Jason Kahan during the period on or around December 3, 2024, and December 10, 2024 to December 12, 2024 (the "Green-Kahan Dec. 2024 Messages").

13. Attached to the Appendix as **Exhibit H** is a true and correct copy of the Contingent Services Agreement between NordCap and the Debtor dated February 3, 2025 (the "Contingent Services Agreement").

14. Attached to the Appendix as **Exhibit I** is a true and correct copy of the Addendum to Contingent Services Agreement between NordCap and the Debtor dated February 7, 2025 (the "First Addendum to the Contingent Services Agreement").

15. Attached to the Appendix as **Exhibit J** is a true and correct copy of the Further Addendum to Contingent Services Agreement between NordCap and the Debtor dated February 11, 2025 (the "Second Addendum to the Contingent Services Agreement").

16. Attached to the Appendix as **Exhibit K** is a true and correct copy of the Bankruptcy Trustee's Demand for Turnover of Property of the Bankruptcy Estate to Nils Trosterud dated February 27, 2025 (the "Trustee's Turnover Demand to Nils").

17. Attached to the Appendix as **Exhibit L** is a true and correct copy of the Bankruptcy Trustee's Demand for Turnover of Property of the Bankruptcy Estate to NordCap Advisors AS dated February 27, 2025 (the "Trustee's Turnover Demand to NordCap").

18. Attached to the Appendix as **Exhibit M** is a true and correct copy of the Bankruptcy Trustee's Demand for Turnover of Property of the Bankruptcy Estate to Chris Green dated November 25, 2024 (the "Trustee's Turnover Demand to Green").

19. Attached to the Appendix as **Exhibit N** is a true and correct copy of the screenshot of the Telegram conversation between Hunter Penn and Chris Sava dated in or around April 2023 (the "April 2023 Telegram Messages").

20. Attached to the Appendix as **Exhibit O** is a true and correct copy of emails dated November 25, 2024, December 5, 2024, December 30, 2024, and January 8, 2025 between Hunter Penn and Ken Cuccinelli (the "Penn-Cuccinelli Emails").

21. Attached to the Appendix as **Exhibit P** are true and correct copies of the litigation hold notices from PBTC's counsel to Hunter Penn, Nils Trosterud, and NordCap by email dated July 8, 2026 (the "Litigation Hold Letters").

22. Attached to the Appendix as **Exhibit Q** are true and correct copies of the letters from PBTC's counsel to NordCap, Nils Trosterud, Quantum, and Hunter Penn dated July 31, 2026 (the "Turnover Demand Letters").

23. Attached to the Appendix as **Exhibit R** is a true and correct copy of the Supplemental Certificate of Service, dated May 20, 2026, filed in the Bankruptcy Case.

Signed under penalties of perjury this 12th day of October, 2026.

/s/ Christopher J. Fong
Christopher J. Fong