**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TROSTERUD, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. ______ |

**MOTION BY PBTC RECOVERY PARTNERS, LLC FOR PRELIMINARY INJUNCTION AND RELATED RELIEF**
**(*EXPEDITED DETERMINATION REQUESTED FOR OCTOBER 19, 21, 22, OR 23, 2026*)**

Pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 64 and 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rules 7064 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and MLBR 9013-1(f), Plaintiff PBTC Recovery Partners, LLC ("PBTC" or "Plaintiff"), by and through its undersigned counsel, hereby moves (the "Motion") for entry of an order, in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting a preliminary injunction, and related relief, including enforcement of the Sale Order[1] and turnover

---

[1] *Order (I) Authorizing And Approving The Sale Of Certain Of The Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances And Other Interests, And (II) Granting Related Relief* [Docket No. 343] (the "Sale Order"). A copy of the Sale Order is included in the *Appendix in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* (the "Appendix"). *See* Appendix, at Ex. B.

of the Bitcoin Assets (as defined below) to PBTC, against the following parties (collectively, the "Defendants"):[2]

(i) Hunter Penn (aka Alex Colvin, an individual who had access to the Debtor's computer and professed to having had access to the Bitcoin Assets);

(ii) Nils Trosterud (CEO and Chairman of NordCap Advisors AS ("NordCap") who claimed to have access to and control of the Bitcoin Assets);

(iii) Sissel Trosterud (Nils Trosterud's wife who, upon information and belief, has or had access to and control of the Bitcoin Assets);

(iv) NordCap (an entity with which the Debtor contracted for assistance recovering the Bitcoin Assets and which claimed success in accessing and controlling the Bitcoin Assets);

(v) Quantum Resource Group QRG AS ("Quantum") (an entity with which NordCap, the Debtor, and a Massachusetts entity contracted or engaged with to assist in recovering the Bitcoin Assets); and

(vi) John Does 1-10 (individuals or entities with access to or control of the Bitcoin Assets, who serve as intermediaries for their transfer, or who have information related to the Bitcoin Assets (the "Doe Defendants")).

By this Motion, Plaintiff seeks entry of the Proposed Order, which:

(A) Preserves the status quo by enjoining the Defendants, together with the persons described in Fed. R. Civ. P. 65(d)(2) who receive actual notice of the order, from transferring, selling, exchanging, converting, spending, using, mixing, concealing, dissipating, encumbering, or otherwise disposing of or moving the Bitcoin Assets;

(B) Requires each Defendant to preserve any and all private keys, seed phrases, passwords, recovery phrases, wallet credentials, wallet files, access credentials, cryptographic access information, and any other information related to the Bitcoin or other cryptocurrency assets belonging to Plaintiff (collectively, the "Access Credentials" and with the Bitcoin, the "Bitcoin Assets"),[3] and any relevant devices and records; to disclose promptly whether that Defendant possesses or controls any Bitcoin or Access Credentials and the identity of any persons known to do so; and authorizes Plaintiff to take expedited discovery,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

[3] For the avoidance of doubt, the term "Bitcoin Assets" refers to the Bitcoin and related Access Credentials. The term "Purchased Assets" refers to all assets described in Exhibit A to the Bill of Sale. *See* Appendix, at Ex. A (Bill of Sale).

including the issuance of subpoenas under Fed. R. Civ. P. 45, regarding the Bitcoin Assets; and

(C) Requires each Defendant to immediately turn over and deliver to PBTC the Bitcoin Assets in such Defendant's possession, custody, or control (as already required under the Sale Order).

In support of its request, Plaintiff relies on the facts set forth in the Complaint, the *Affidavit of Adam D. Stein-Sapir* (the "Stein-Sapir Affidavit"), the *Affidavit of Christopher Fong* (the "Fong Affidavit"), the *Memorandum of Law in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief*, and the *Appendix in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* (the "Appendix"), filed contemporaneously herewith. In support of the relief requested herein, Plaintiff states as follows:

**RELIEF REQUESTED**

1. Pursuant to the Sale Order, PBTC acquired all rights, title, and interests of the Debtor, the Estate, and the Chapter 7 Trustee in the Bitcoin Assets, including the standing to pursue all claims relating to their recovery. *See* Appendix, Ex. B ¶¶ 3-4 (Sale Order); Appendix, Ex. A at Ex. A ¶¶ A-C (Bill of Sale). Those rights were conveyed free and clear of all liens, claims, and interests pursuant to 11 U.S.C. §§ 105(a) and 363(f). *See* Appendix, Ex. B, ¶ 4 (Sale Order). Approximately 790 Bitcoin remain in wallets listed in the Sale Order, but those assets remain at risk of transfer, concealment, or dissipation. The Plaintiff believes that one or more of the Defendants have possession, custody, control, access, or the ability to interfere with PBTC's access to the Bitcoin, and they possess the Access Credentials.

2. Unless Defendants are restrained and enjoined from further unauthorized access to the Bitcoin Assets and are ordered to deliver the Bitcoin to PBTC along with any and all

Access Credentials, Plaintiff will suffer additional irreparable harm through Defendants' continued access to, dissipation of, and potential misuse of the Bitcoin Assets.

3. By this Motion, Plaintiff seeks to preserve the status quo and to compel turnover of the Bitcoin Assets to PBTC, which are among the most liquid forms of personal property ever created. The special liquid nature of Bitcoin, and the ease with which it can be transferred, are facts that weigh in favor of the granting of the relief requested. As detailed in the Stein-Sapir Affidavit, the Bitcoin in question has periodically moved before and during this case, including between March and June 2026, and the Bitcoin have continued to move since the Sale Order was entered. The fact that the Bitcoin continue to move (as detailed in the Stein-Sapir Affidavit) evidences the need for the relief requested, which Plaintiff has crafted in a manner to preserve the status quo, secure delivery of the Bitcoin Assets to their rightful owner, and eliminate or minimize the impact on third parties and the Defendants.

4. The relief sought is narrowly tailored in terms of who the relief is sought against. Penn, NordCap, and Quantum each engaged with the Debtor (either directly or indirectly) to purportedly assist with the recovery of the Bitcoin Assets. Penn, Nils Trosterud, NordCap, and Quantum have at various points admitted to possessing or exercising control over the Bitcoin Assets. The grounds for the relief against these Defendants are evident.[4]

5. While the relief requested herein is unique in that Bitcoin is unique, it is in fact remarkably analogous to the relief courts do not hesitate to enter in connection with any other specifically identifiable asset. *See Memorandum of Law in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief*, ¶¶ 39-41. An

---

[4] The relief sought against the Doe Defendants applies to those with possession of the specifically identifiable Bitcoin Assets, who may be assisting the Defendants in their efforts to transfer, conceal, or dissipate the Bitcoin Assets, or who have information that would enable PBTC to secure the Bitcoin Assets that it purchased.

appropriate analogy would be a bright red sports car with its serial number emblazoned on the hood, or a unique piece of jewelry. Such assets, because they are specifically identifiable, cannot be confused with other property. Bitcoin, by virtue of the application of blockchain technology, is similarly specifically identifiable. This fact greatly narrows the scope of the requested injunction and turnover since the relief only relates to the Bitcoin Assets, which are all linked and identifiable.[5] PBTC will be irreparably harmed if the preliminary relief requested herein is not granted.

**REQUEST FOR EXPEDITED HEARING AND EXPEDITED DETERMINATION**

6. Pursuant to MLBR 9013-1(f), Plaintiff requests that the Court consider the Motion on an expedited basis on **October 19, 21, 22 or 23, 2026** (or such other date as is convenient for the Court) and that it hold a full hearing on the Motion 21 days after the initial hearing. The slight delay in the initial hearing will allow a period of time for the delivery of notice to the Defendants.

7. As grounds therefor, Plaintiff states that immediate action is required to maintain the status quo and secure turnover of the Bitcoin Assets to PBTC. As set forth in the Complaint and the Stein-Sapir Affidavit, one or more of the Defendants has demonstrated a pattern of conduct whereby they have exercised wrongful control or possession over the Bitcoin Assets. Notably, as detailed in the Stein-Sapir Affidavit, on January 30, 2026, March 22, 2026, June 2, 2026, and July 29, 2026, the Bitcoin Assets were moved.

---

[5] PBTC reserves all rights to seek prejudgment security against any and all Defendants, including in the form of a reach and apply injunction, trustee process, and personal property attachment in aid of recovery of damages. In addition, discovery involving the Defendants has been concurrently sought on an expedited basis and the relief requested herein requires compliance with the discovery requests. This is done to facilitate the enforcement of the relief requested herein in other jurisdictions.

8. The Bitcoin Assets are uniquely susceptible to immediate transfer, concealment, dissipation, or movement beyond the reach of PBTC and the Court. Through review of publicly available blockchain data, the Bitcoin have been moved and/or transferred as recently as July 29, 2026. Holding a hearing on an expedited basis is therefore necessary to prevent Defendants from transferring, selling, exchanging, converting, spending, using, mixing, concealing, dissipating, encumbering, or otherwise disposing of or moving the Bitcoin Assets.

9. In addition, since PBTC's purchase of the Bitcoin Assets, extensive effort has been expended to identify the location of each Defendant and to facilitate service. Some of the Defendants are located in Norway and holding a hearing on an expedited basis will enable PBTC to promptly seek enforcement of a court order in Norway that prevents the Norwegian Defendants from transferring, selling, exchanging, converting, spending, using, mixing, concealing, dissipating, encumbering, or otherwise disposing of or moving the Bitcoin Assets, and that requires them to turn over the Bitcoin Assets to PBTC.

WHEREFORE, Plaintiff respectfully prays that this Court (i) hold an expedited hearing on October 19, 21, 22 or 23, 2026 (or such other date as is convenient for the Court) and schedule a full motion hearing for 21 days thereafter; (ii) enter the Proposed Order attached to this Motion as **Exhibit A;** and (iii) grant such other relief as this Court deems just and proper under the circumstances.

Dated: October 12, 2026

**NIXON PEABODY LLP**

/s/ *Richard C. Pedone*________________

Richard C. Pedone (BBO # 630716)
Morgan C. Nighan (BBO # 679546)
Daniel P. McMonagle (BBO # 713426)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109

Telephone: (617) 345-1000
Email: rpedone@nixonpeabody.com
mnighan@nixonpeabody.com
dmcmonagle@nixonpeabody.com

-and-

Christopher Fong (*pro hac vice*)
NIXON PEABODY LLP
55 West 46th Street
New York, NY 10036
Telephone: (212) 940-3724
Email: cfong@nixonpeabody.com

*Counsel to PBTC Recovery Partners, LLC*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br>Debtor. | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TROSTERUD, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. ______ |

**[PROPOSED] PRELIMINARY INJUNCTION AND ORDER COMPELLING TURNOVER OF BITCOIN ASSETS**

Upon consideration of the *Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief, and Request for Expedited Determination* (the "Motion") [Docket No.___]; pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rules 7064 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1(f) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Massachusetts ("MLBR"), and Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"); and in accordance with the Court's inherent authority to preserve property and prevent irreparable harm,

**IT IS ORDERED AS FOLLOWS:**

1. This Court has jurisdiction over this adversary proceeding and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) because it involves the enforcement and implementation of the Sale Order and the recovery of estate property that was sold to PBTC.[1]

2. Venue of this adversary proceeding and in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief granted herein are included in Section 105(a) of the Bankruptcy Code, Federal Rules 64 and 65, made applicable by Bankruptcy Rules 7064 and 7065, and MLBR 9013-1(f).

**Findings for Preliminary Injunction**

4. The Complaint [Adv. Pro. Docket No. 1] and the Affidavit of Adam D. Stein-Sapir [Adv. Pro. Docket No.__ ] (the "Stein-Sapir Affidavit") establish facts that subject each Defendant to the personal jurisdiction of this Court for all matters related to the Bitcoin Assets[2] as (i) they conducted business with the Debtor related to those Bitcoin Assets, (ii) they engaged with professionals of the Bankruptcy Trustee regarding the Bitcoin Assets and/or (iii) they are or were in possession of the Bitcoin Assets which they obtained directly or indirectly from the Debtor or a third party acting for the Debtor.

5. Based on the current record, Plaintiff has shown a substantial likelihood of success on the merits, including as to its claims that one or more Defendants wrongfully

---

[1] *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (a bankruptcy court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders."); *In re TE Holdcorp LLC*, No. 22-1807, 2023 U.S. App. LEXIS 2029, at *7 (3d Cir. Jan. 26, 2023) ("The post-Sale . . . posture of the enforcement motion did not divest the Bankruptcy Court of jurisdiction because it had jurisdiction to interpret and enforce those prior orders.").

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Complaint, Stein-Sapir Affidavit, and Fong Affidavit.

obtained, accessed, copied, used, transferred, or retained any and all private keys, seed phrases, passwords, recovery phrases, wallet credentials, wallet files, access credentials, cryptographic access information, and any other information related to the Bitcoin or other cryptocurrency assets belonging to Plaintiff (collectively, the "Access Credentials" and with the Bitcoin, the "Bitcoin Assets").

6. Based on the current record, Plaintiff has shown that immediate and irreparable injury, loss, or damage will result absent injunctive relief because the Bitcoin Assets may be transferred, sold, exchanged, converted, spent, used, mixed, concealed, dissipated or otherwise disposed of, encumbered, or moved beyond the reach of Plaintiff and this Court.

7. Based on the current record, the balance of equities favors entry of this Order because the requested relief preserves the status quo, prevents further dissipation or concealment of the Bitcoin Assets, and requires only the preservation of property and information to which the Defendants have no lawful entitlement.

8. Based on the current record, entry of this Order is in the public interest, including because it promotes the integrity of bankruptcy proceedings, preserves and orders the turnover of the Bitcoin Assets belonging to Plaintiff, and prevents further unauthorized access to, transfer, concealment or dissipation of the Bitcoin Assets.

9. The Court has determined that the relief requested in the Motion cannot be delayed. The shortened notice for entry of this Order is appropriate to preserve the status quo and avoid risk of irreparable injury and very serious damages absent entry of this Order.

**Preservation and Turnover of Bitcoin Assets**

10. Hunter Penn, Nils Trosterud, Sissel Trosterud, Quantum Resource Group QRG AS ("Quantum"), NordCap Advisors AS ("NordCap"), John Does 1-10 (the "Doe Defendants")

(collectively, the "Defendants") and all parties with notice of this Order who are in possession of the Bitcoin Assets, are hereby preliminarily enjoined from transferring, selling, exchanging, converting, spending, using, mixing, concealing, dissipating, encumbering, or otherwise disposing of or moving the Bitcoin Assets, other than to Plaintiff as required by this Order, which include the rights, title, and interests of the Bankruptcy Trustee, the estate, and Jason M. Kahan (the "Debtor") in the Bitcoin wallets, Bitcoin addresses, and private keys, absent further order of this Court:

a. BTC Address 1 (0.00132677 BTC): ending in -l0hz
b. BTC Address 2 (414.99999583 BTC): ending in -59df
c. BTC Address 3 (494.22956166 BTC): ending in -ej6c
d. BTC Address 4 (185.10000000 BTC): ending in -yrlk
e. BTC Address 5 (100.00010330 BTC): ending in -gx4x
f. BTC Address 6 (100.00010330 BTC): ending in -qssr
g. BTC Address 7 (0.00010000 BTC): ending in - st7y
h. BTC Address 8 (496.89998888 BTC): ending in -p0ug
i. BTC Address 9 (0 BTC): ending in -rz5c
j. BTC Address 10 (0 BTC): ending in -u6pN
k. BTC Address 11 (0 BTC): ending in -psci

11. Each Defendant, and all parties with notice of this Order who are in possession, custody, or control of any of the Bitcoin, shall immediately turn over and deliver the Bitcoin to Plaintiff by transferring the Bitcoin to a wallet address designated in writing by Plaintiff, and shall concurrently deliver to Plaintiff all Access Credentials in such Defendant's or party's possession, custody, or control.

12. Each Defendant is also immediately restrained and enjoined from destroying, deleting, altering, transferring (other than to Plaintiff as required by this Order), or concealing any Access Credentials that such Defendant obtained, copied or otherwise acquired.

13. Each Defendant shall preserve all hardware, servers, computing equipment, and electronic devices used in connection with any efforts to access, recover, monitor, or transfer the

Bitcoin Assets, including without limitation all computers, laptops, desktops, tablets, mobile phones, hardware wallets, external hard drives, thumb drives, SD cards, network-attached storage devices, backup drives, cloud-storage repositories, encrypted containers, memory storage devices, and other electronic storage media, and shall deliver a document identifying such hardware to the Plaintiff within seven days of this Order.

14. This Order shall be binding upon Defendants and upon all persons and entities acting in concert or participation with Defendants who receive actual notice of this Order, whether by personal service, electronic transmission, or otherwise provided.

15. Plaintiff shall serve this Order on Defendants no later than one business day after the entry of this Order. [This Order shall remain in full force and effect pending a final determination of this action or until further order of this Court. A further hearing shall be conducted on **______, 2026 at _____m.** for consideration of continuing the Order.]

Dated: ____, 2026

________________________________
HONORABLE JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE