**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TROSTERUD, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. 26-1104 |

**PRELIMINARY INJUNCTION AND ORDER COMPELLING TURNOVER OF BITCOIN ASSETS**

This matter came before the Court on the *Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief, and Request for Expedited Determination* ("Motion"). As set forth in the Motion, the Plaintiff, PBTC Recovery Partners, LLC, ("Plaintiff") seeks a preliminary injunction to preserve property and prevent irreparable harm, pursuant to Federal Rules 64 and 65, made applicable by Bankruptcy Rules 7064 and 7065. In addition to the Motion, the Plaintiff filed the Affidavit of Adam D. Stein-Sapir ("Stein-Sapir Affidavit"), the Affidavit of Christopher Fong ("Fong Affidavit") and an accompanying Appendix ("Appendix").

The Court granted the request for expedited determination and scheduled a hearing on the Motion on October 21, 2026. Due notice of the hearing and the Motion were given to the

defendants, Hunter Penn aka Alex Colvin ("Penn"), Nils Trosterud ("NTrosterud"), Quantum Resource Group QRG AS ("Quantum"), and NordCap Advisors AS ("NordCap") (collectively, "Principal Defendants"). At the hearing, counsel for the Plaintiff reported that one of the defendants should have been identified as Sissel Tordhol (not Sissel Trosterud) ("Tordhol") and therefore did not receive proper notice. In addition, the Plaintiff has not yet identified John Does 1-10 ("Doe Defendants").

Having considered the Motion, the Complaint, the Affidavits, the Appendix, the offer of proof and arguments of counsel at the hearing, and good cause being shown, the Motion is granted in part as follows.

**IT IS ORDERED THAT:**

1. This Court has jurisdiction over this adversary proceeding and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) because it involves the enforcement and implementation of the orders of the Court and the recovery of estate property that was sold to PBTC.

2. Venue of this adversary proceeding and in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief granted herein are included in Section 105(a) of the Bankruptcy Code, Federal Rules 64 and 65, made applicable by Bankruptcy Rules 7064 and 7065.

**Findings for Preliminary Injunction**

4. On August 7, 2024, the debtor, Jason Kahan ("Debtor") commenced the main bankruptcy case, Case No. 24-11592, under Chapter 7 of the Code. Donald Lassman is the duly appointed and acting Chapter 7 trustee of the estate of the Debtor ("Trustee").

5. On July 17, 2026, the Court entered an Order ("Sale Order") authorizing the sale of certain assets of the bankruptcy estate to the Plaintiff. The property of the estate sold included the Bitcoin Assets (as defined in the Stein-Sapir Affidavit) comprised of Bitcoin wallets, wallet addresses, private keys and related assets as more fully set forth therein.

6. The Complaint, the Appendix, the Stein-Sapir Affidavit, and the record of the bankruptcy proceedings establish facts that subject each of the Principal Defendants to the personal jurisdiction of this Court for all matters related to the Bitcoin Assets as (i) they conducted business with the Debtor related to those Bitcoin Assets, or (ii) they are or were in possession of the Bitcoin Assets which they obtained directly or indirectly from the Debtor or a third party acting for the Debtor.

7. Based on the current record, the Plaintiff has shown a substantial likelihood of success on the merits, including as to its claims that one or more Defendants, wrongfully obtained, accessed, copied, used, transferred, or retained any and all private keys, seed phrases, passwords, recovery phrases, wallet credentials, wallet files, access credentials, cryptographic access information, and any other information related to the Bitcoin Assets or other cryptocurrency assets purchased by the Plaintiff from the estate (collectively, the "Access Credentials").

8. Based on the current record, the Plaintiff has shown that immediate and irreparable injury, loss, or damage will result absent injunctive relief because the Bitcoin Assets and Access Credentials may be transferred, sold, exchanged, converted, spent, used, mixed, concealed, dissipated or otherwise disposed of, encumbered, or moved beyond the reach of the Plaintiff and this Court.

9. Based on the current record, the balance of equities favors entry of this Order because the requested relief preserves the status quo, prevents further dissipation or concealment of the Bitcoin Asset and Access Credentials, and requires only the preservation of property and information to which the Defendants have no lawful entitlement.

10. Based on the current record, entry of this Order is in the public interest, including because it promotes the integrity of bankruptcy proceedings, preserves and orders the turnover of the Bitcoin Assets and Access Credentials belonging to the Plaintiff, and prevents further unauthorized access to, transfer, concealment or dissipation of the Bitcoin Assets or Access Credentials.

11. The Court has determined that the relief requested in the Motion cannot be delayed. The shortened notice for entry of this Order is appropriate to preserve the status quo and avoid risk of irreparable injury and very serious damages absent entry of this Order.

**<u>Preservation and Turnover of Bitcoin Assets and Access Credentials</u>**

12. Absent further order of this Court, Penn, NTrosterud, Quantum, NordCap, and all parties with notice of this Order who are in possession of the Bitcoin Assets or Access Credentials are preliminarily enjoined from transferring, selling, exchanging, converting, spending, using, mixing, concealing, dissipating, encumbering, or otherwise disposing of or moving the Bitcoin Assets (except to the Plaintiff as required by this Order), which include the rights, title, and interests of the Trustee, the estate, and the Debtor in the Bitcoin Assets purchased by the Plaintiff, which include the following:

a. BTC Address 1 (0.00132677 BTC): ending in -l0hz
b. BTC Address 2 (414.99999583 BTC): ending in -59df
c. BTC Address 3 (494.22956166 BTC): ending in -ej6c
d. BTC Address 4 (185.10000000 BTC): ending in -yrlk
e. BTC Address 5 (100.00010330 BTC): ending in -gx4x
f. BTC Address 6 (100.00010330 BTC): ending in -qssr

g. BTC Address 7 (0.00010000 BTC): ending in - st7y
h. BTC Address 8 (496.89998888 BTC): ending in -p0ug
i. BTC Address 9 (0 BTC): ending in -rz5c
j. BTC Address 10 (0 BTC): ending in -u6pN
k. BTC Address 11 (0 BTC): ending in -psci

13. Each of the Principal Defendants who are in possession, custody, or control of any of the Bitcoin Assets, shall immediately turn over and deliver the Bitcoin Assets to Plaintiff by transferring the Bitcoin Assets to a wallet address designated in writing by Plaintiff, and shall concurrently deliver to Plaintiff all Access Credentials in such Defendant's or party's possession, custody, or control.

14. Each of the Principal Defendants is immediately restrained and enjoined from destroying, deleting, altering, transferring (except to the Plaintiff as required by this Order), or concealing any Access Credentials that such Defendant obtained, copied or otherwise acquired.

15. Each of the Principal Defendants shall preserve all hardware, servers, computing equipment, and electronic devices used in connection with any efforts to access, recover, monitor, or transfer the Bitcoin Assets or Access Credentials, including without limitation all computers, laptops, desktops, tablets, mobile phones, hardware wallets, external hard drives, thumb drives, SD cards, network-attached storage devices, backup drives, cloud-storage repositories, encrypted containers, memory storage devices, and other electronic storage media and shall deliver a document identifying such hardware to the Plaintiff by **October 30, 2026.**

16. This Order shall be binding upon the Principal Defendants and upon all persons and entities acting in concert or participation with such Defendants who receive actual notice of this Order, whether by personal service, electronic transmission, or otherwise provided.

17. The Court will separately issue a Temporary Restraining Order as to Tordhol and the Doe Defendants. This Preliminary Injunction shall govern as to the Principal Defendants to the extent of any inconsistencies with the Temporary Restraining Order.

18. The Court will hold an evidentiary hearing on the Motion on **October 29, 2026, at 2:00 p.m.** The hearing will be held in person at John W. McCormack Post Office and Court House, 5 Post Office Square, 12th Floor, Courtroom #3, Boston, MA. **Because the hearing is scheduled as an evidentiary hearing, remote access may not be permitted**.

19. This Order shall remain in full force and effect pending a final determination of the Motion or until further order of the Court.

20. The Plaintiff shall serve this Order on the Primary Defendants no later **October 26, 2026**.

Dated: October 22, 2026

Janet E. Bostwick

JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE