**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TROSTERUD, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. 26-1104 |

**TEMPORARY RESTRAINING ORDER**

This matter came before the Court on the *Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief, and Request for Expedited Determination* ("Motion"). As set forth in the Motion, the Plaintiff, PBTC Recovery Partners, LLC, ("Plaintiff") seeks a preliminary injunction to preserve property and prevent irreparable harm, pursuant to Federal Rule 65, made applicable by Bankruptcy Rule 7065. In addition to the Motion, the Plaintiff filed the Affidavit of Adam D. Stein-Sapir ("Stein-Sapir Affidavit"), the Affidavit of Christopher Fong ("Fong Affidavit") and an accompanying Appendix ("Appendix").

The Court granted the request for expedited determination and scheduled a hearing on the Motion on October 21, 2026. At the hearing, counsel for the Plaintiff reported that one of the defendants should have been identified as Sissel Tordhol (not Sissel Trosterud) ("Tordhol") and

therefore did not receive proper notice. In addition, the Plaintiff has not yet identified John Does 1-10 ("Doe Defendants"). Due notice of the hearing and the Motion were given to the other defendants, Hunter Penn aka Alex Colvin, Nils Trosterud, Quantum Resource Group QRG AS, and Nordcap Advisors AS (collectively, "Other Defendants").

Having considered the Motion, the Complaint, the Affidavits, the Appendix, the offer of proof and arguments of counsel at the hearing, and good cause being shown, the Motion is granted in part as follows.

**IT IS ORDERED THAT:**

1. This Court has jurisdiction over this adversary proceeding and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) because it involves the enforcement and implementation of the orders of the Court.

2. Venue of this adversary proceeding and in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief granted herein are included in Section 105(a) of the Bankruptcy Code, Federal Rules 64 and 65, made applicable by Bankruptcy Rules 7064 and 7065.

**Findings for Temporary Restraining Order**

4. On August 7, 2024, the debtor, Jason Kahan ("Debtor") commenced the main bankruptcy case, Case No. 24-11592, under Chapter 7 of the Code. Donald Lassman is the duly appointed and acting Chapter 7 trustee of the estate of the Debtor ("Trustee").

5. On July 17, 2026, the Court entered an Order ("Sale Order") authorizing the sale of certain assets of the bankruptcy estate to the Plaintiff. The property of the estate sold included

the Bitcoin Assets (as defined in the Stein-Sapir Affidavit) comprised of Bitcoin wallets, wallet addresses, private keys and related assets as more fully set forth therein.

6. The Complaint, the Appendix, the Stein-Sapir Affidavit, and the record of the bankruptcy proceedings establish facts that subject Tordhol and the Doe Defendants to the personal jurisdiction of this Court to the extent they are or were in possession of the Bitcoin Assets which they obtained directly or indirectly from the Debtor or a third party acting for the Debtor.

7. Based on the current record, the Plaintiff has shown a substantial likelihood of success on the merits, including as to its claims that one or more Defendants, including Tordhol and the Doe Defendants, wrongfully obtained, accessed, copied, used, transferred, or retained any and all private keys, seed phrases, passwords, recovery phrases, wallet credentials, wallet files, access credentials, cryptographic access information, and any other information related to the Bitcoin Assets or other cryptocurrency assets purchased by the Plaintiff from the estate (collectively, the "Access Credentials").

8. Based on the current record, the Plaintiff has shown that immediate and irreparable injury, loss, or damage will result absent injunctive relief because the Bitcoin Assets and Access Credentials may be transferred, sold, exchanged, converted, spent, used, mixed, concealed, dissipated or otherwise disposed of, encumbered, or moved beyond the reach of the Plaintiff and this Court.

9. Based on the current record, the balance of equities favors entry of this Order because the requested relief preserves the status quo, prevents further dissipation or concealment of the Bitcoin Asset and Access Credentials, and requires only the preservation of property and information to which the Defendants have no lawful entitlement.

10. Based on the current record, entry of this Order is in the public interest, including because it promotes the integrity of bankruptcy proceedings, preserves the Bitcoin Assets and Access Credentials belonging to the Plaintiff, and prevents further unauthorized access to, transfer, concealment or dissipation of the Bitcoin Assets or Access Credentials.

11. The Court has determined that the relief requested in the Motion cannot be delayed and that it is appropriate to issue this temporary restraining order without notice given the nature of the Bitcoin Assets and the Access Credentials which are subject to immediate transfer, concealment or movement beyond the reach of the Court. In addition, since the Other Defendants have notice of the pending action, there is a risk they may seek to use Tordhol or the Doe Defendants to evade the orders of the Court. Entry of this Order is appropriate to preserve the status quo and avoid risk of irreparable injury and very serious damages pending the further hearing.

**Preservation of Bitcoin Assets and Access Credentials**

12. Absent further order of this Court, Tordhol and the Doe Defendants and all parties with notice of this Order who are in possession of the Bitcoin Assets or Access Credentials are temporarily restrained from transferring, selling, exchanging, converting, spending, using, mixing, concealing, dissipating, encumbering, or otherwise disposing of or moving the Bitcoin Assets (except to the Plaintiff as required by separate order of the Court), which include the rights, title, and interests of the Trustee, the estate, and the Debtor in the Bitcoin Assets purchased by the Plaintiff, which include the following:

a. BTC Address 1 (0.00132677 BTC): ending in -l0hz
b. BTC Address 2 (414.99999583 BTC): ending in -59df
c. BTC Address 3 (494.22956166 BTC): ending in -ej6c
d. BTC Address 4 (185.10000000 BTC): ending in -yrlk
e. BTC Address 5 (100.00010330 BTC): ending in -gx4x
f. BTC Address 6 (100.00010330 BTC): ending in -qssr

g. BTC Address 7 (0.00010000 BTC): ending in - st7y
h. BTC Address 8 (496.89998888 BTC): ending in -p0ug
i. BTC Address 9 (0 BTC): ending in -rz5c
j. BTC Address 10 (0 BTC): ending in -u6pN
k. BTC Address 11 (0 BTC): ending in -psci

13. Tordhol and the Doe Defendants are immediately restrained and enjoined from destroying, deleting, altering, transferring (except to the Plaintiff as required by separate order of the Court), or concealing any Access Credentials that such Defendant obtained, copied or otherwise acquired.

14. Tordhol and the Doe Defendants shall preserve all hardware, servers, computing equipment, and electronic devices used in connection with any efforts to access, recover, monitor, or transfer the Bitcoin Assets or Access Credentials, including without limitation all computers, laptops, desktops, tablets, mobile phones, hardware wallets, external hard drives, thumb drives, SD cards, network-attached storage devices, backup drives, cloud-storage repositories, encrypted containers, memory storage devices, and other electronic storage media.

15. This Order shall be binding upon Tordhol and the Doe Defendants and upon all persons and entities acting in concert or participation with Tordhol and the Doe Defendants who receive actual notice of this Order, whether by personal service, electronic transmission, or otherwise provided.

16. The Court has separately issued a Preliminary Injunction as to the Other Defendants, which requires additional obligations of such Defendants, including the delivery of the Bitcoin Assets and the Access Credentials to the Plaintiff. The Preliminary Injunction shall govern as to the Other Defendants to the extent of any inconsistencies with this Temporary Restraining Order.

17. The Court will hold a further hearing on the Motion on **October 29, 2026, at 2:00 p.m.** The hearing will be held in person at John W. McCormack Post Office and Court House, 5 Post Office Square, 12th Floor, Courtroom #3, Boston, MA. The hearing is scheduled as a Hybrid Hearing. Parties and counsel may participate in person in the Courtroom or by video conference using Zoomgov.com technology. Parties who wish to appear by video must request the link from the Courtroom Deputy Lisa Belanger, at lisa_belanger@mab.uscourts.gov no **later than 10:00 a.m. the business day before the hearing**. **Requests submitted after the deadline may not be accommodated and the Party should plan to attend in person in the Courtroom**. Appearance by video is limited to counsel and parties in interest. Public access will be in person only. A Hybrid Hearing is an official court proceeding and remote attendees are required to act and dress in the same manner as in person hearings. Parties attending remotely must be in a quiet setting and must not be walking, driving, or performing other activities while participating in the hearing. Failure to comply may result in termination of access, sanctions, or other action by the Court.

18. This temporary restraining order is issued at **4:30 p.m. on October 22, 2026**.

19. This temporary restraining order will expire at **5:00 p.m. on October 29, 2026,** unless otherwise ordered by the Court.

20. The Plaintiff shall serve this Order on Tordhol and the Doe Defendants no later **October 26, 2026**.

Dated: October 22, 2026

Janet E. Bostwick

JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE