**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TROSTERUD, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. 26-1104 |

**MOTION BY PBTC RECOVERY PARTNERS, LLC FOR EXPEDITED DISCOVERY**
**(*EXPEDITED DETERMINATION REQUESTED FOR OCTOBER 29, 2026*)**

Pursuant to Rules 26(d)(1), 34(b)(2)(A) and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rules 7026, 7034 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Massachusetts ("MLBR"), Plaintiff PBTC Recovery Partners, LLC ("PBTC" or "Plaintiff"), by and through its undersigned counsel, files this motion (the "Motion to Expedite Discovery") seeking entry of the proposed order (the "Proposed Order"), attached hereto as **Exhibit A**, authorizing discovery on an expedited basis, including expedited responses and depositions ahead of the evidentiary hearing on December 7, 2026 (the "Evidentiary Hearing") scheduled pursuant to the *Preliminary Injunction and Order Compelling Turnover of Bitcoin Assets* [Adv. Pro. Dkt. No.

18], as amended [Adv. Pro. Dkt. No. 22] (the "Preliminary Injunction") entered by this Court on October 22, 2026. In support thereof, Plaintiff states as follows:

## BACKGROUND

1. Plaintiff commenced this adversary proceeding to recover the Bitcoin Assets[1] acquired by Plaintiff pursuant to a bankruptcy-court-supervised sale and to recover damages against certain parties.[2] The order approving that sale authorized and provided standing for Plaintiff to pursue recovery actions against third parties in possession, custody, or control of the Bitcoin Assets.

2. On October 22, 2026, this Court entered the Preliminary Injunction and TRO against the Defendants, finding that, based on the current record, Plaintiff has shown a substantial likelihood of success on the merits as to its claims against one or more Defendants, and that Plaintiff has shown that immediate and irreparable injury, loss, or damage will result absent injunctive relief.

3. Expedited discovery is essential to identify the current location of the Bitcoin Assets, the identities of persons involved in their unauthorized transfer and/or movement (including "Doe" Defendants), and to prevent further dissipation, as well as to allow Plaintiff as movant, and any objecting Party, to prepare for the Evidentiary Hearing and address issues in the adversary proceeding.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Complaint [Adv. Pro. Dkt. No. 1], *Temporary Restraining Order* [Adv. Pro. Dkt. No. 19] (the "TRO"), and Preliminary Injunction, as applicable.

[2] *See generally* Complaint; *Appendix in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* [Adv. Pro. Dkt. No. 2] ("Appendix"); *Affidavit of Adam D. Stein-Sapir* [Adv. Pro. Dkt. No. 3] (the "Stein-Sapir Affidavit"); *Affidavit of Christopher Fong* [Adv. Pro. Dkt. No. 4] (the "Fong Affidavit"); *Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* [Adv. Pro. Dkt. No. 5] (the "Preliminary Injunction Motion"); *Memorandum of Law in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* [Adv. Pro. Dkt. No. 6] (the "Preliminary Injunction Memorandum").

4. Unless this Court authorizes immediate expedited discovery, critical evidence—including blockchain transaction records, exchange account information, IP logs, communications, funds flow data, and device data—may be lost, destroyed, or rendered inaccessible. In addition, immediate discovery will allow Plaintiff, and any other Party, to prepare for the Evidentiary Hearing and allow that hearing to be conducted in an efficient manner. By way of example, Plaintiff believes that certain bank records and other information in the hands of third parties will be of assistance at the hearing, and if the requested order does not enter, third parties might not comply with subpoenas. In addition, Plaintiff believes that the deposition of one or more of the Defendants and other individuals ahead of the Evidentiary Hearing, and the ability to gather facts and offer deposition testimony as opposed to live evidence, will greatly aid in the efficient conduct of the Evidentiary Hearing. These facts, and the immediate need to identify the location of the Bitcoin Assets, constitute grounds for this Court to permit discovery to proceed as requested without a Federal Rule 26(f) conference.

5. This Motion to Expedite Discovery is supported by the Complaint, Appendix, Stein-Sapir Affidavit, Fong Affidavit, Preliminary Injunction Motion, and Preliminary Injunction Memorandum, all previously filed in this adversary proceeding and which are incorporated herein by reference.

## **<u>RELIEF REQUESTED</u>**

6. Plaintiff respectfully requests that this Court enter the Proposed Order providing reliefwhich can be summarized as follows:

(i) Parties may commence discovery notwithstanding that the Federal Rule 26(f) conference has not occurred.

(ii) Each named Party shall:

a. appear and testify at any noticed deposition within fourteen (14) calendar days after service of a notice of deposition or subpoena; and

b. produce documents requested within twelve (12) calendar days after service of a document request or subpoena, with any objections to production to be made within ten (10) calendar days after service of such request or subpoena.

(iii) Requests for a protective order related to such discovery, and motions to compel, may be made on an expedited basis, subject to the requirement that the Parties attempt to meet and confer prior to requesting any such relief.

**REQUEST FOR EXPEDITED DETERMINATION**

7. Pursuant to MLBR 9013-1(f), Plaintiff requests that the Court consider the Motion to Expedite Discovery on an expedited basis on **October 29, 2026 at 2:00 p.m.** (or such other date as is convenient for the Court). Relief pursuant to MLBR 9013-1(f) is warranted based on the facts set forth in the Stein-Sapir Affidavit and other pleadings filed in support of the Preliminary Injunction Motion.

**WHEREFORE,** Plaintiff respectfully prays that this Court (i) hold an expedited hearing on October 29, 2026 (or such other date as is convenient for the Court); (ii) grant the Motion to Expedite Discovery; (iii) enter the Proposed Order attached to this Motion to Expedite Discovery as **Exhibit A** authorizing expedited discovery; and (iv) grant such other relief as this Court deems just and proper under the circumstances.

Dated: October 23, 2026

**NIXON PEABODY LLP**

/s/ *Richard C. Pedone*

Richard C. Pedone (BBO # 630716)
Morgan C. Nighan (BBO # 679546)
Daniel P. McMonagle (BBO # 713426)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
Email: rpedone@nixonpeabody.com
mnighan@nixonpeabody.com
dmcmonagle@nixonpeabody.com

-and-

Christopher Fong (*pro hac vice*)
NIXON PEABODY LLP
55 West 46th Street
New York, NY 10036
Telephone: (212) 940-3724
Email: cfong@nixonpeabody.com

*Counsel to PBTC Recovery Partners, LLC*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TROSTERUD, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. 26-1104 |

**ORDER GRANTING MOTION BY PBTC RECOVERY PARTNERS, LLC FOR EXPEDITED DISCOVERY**

Upon consideration of the *Motion by PBTC Recovery Partners, LLC for Expedited Discovery* (the "Motion to Expedite Discovery"); pursuant to Rules 26(d)(1), 34(b)(2)(A) and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by Rules 7026, 7034 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of Massachusetts ("MLBR"); and in accordance with the Court's inherent authority and to prevent irreparable harm,

**IT IS ORDERED AS FOLLOWS:**

1. The Motion to Expedite Discovery is granted.

2. This Court has jurisdiction over this adversary proceeding and to grant the relief requested in the Motion to Expedite Discovery pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The relief granted herein is warranted under Federal Rules 26(d)(1), 34(b)(2)(A) and 45, made applicable by Bankruptcy Rules 7026, 7034 and 9016, and MLBR 9013-1(f).

5. Based on the current record, including the Court's findings in its *Preliminary Injunction and Order Compelling Turnover of Bitcoin Assets* and *Temporary Restraining Order*, the Court has determined that the relief requested in the Motion to Expedite Discovery is reasonable in light of the upcoming Evidentiary Hearing[1] scheduled for December 7, 2026, the ability of the expedited discovery to preclude irreparable harm, Plaintiff's likelihood of success on the merits, and the burden of discovery on the Parties.

6. The Parties are authorized to obtain expedited discovery prior to the conference required under Federal Rule 26(f), notwithstanding Federal Rule 26(d)(1).

7. Each named Party shall:

   a. appear and testify at any noticed deposition within fourteen (14) calendar days after service of a notice of deposition or subpoena; and

   b. produce documents requested within twelve (12) calendar days after service of a document request or subpoena, with any objections to production of

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Complaint [Adv. Pro. Dkt. No. 1] or Motion to Expedite Discovery, as applicable.

documents to be made within ten (10) calendar days after service of such request or subpoena.

8. Any requests for a protective order related to such discovery, and any motions to compel, may be made on an expedited basis, subject to the requirement that the Parties attempt to meet and confer prior to requesting any such relief.

9. Unless otherwise agreed by the Parties in writing or ordered by the Court, each deposition taken under this Order in connection with the Evidentiary Hearing shall be limited to one (1) day of six (6) hours of time on the record, exclusive of breaks, and shall be conducted without prejudice to the rights of the Parties to take any other discovery, including further deposition(s) of any Party deposed.

10. Discovery served, sought, or exchanged under this Order in connection with the Evidentiary Hearing shall be without prejudice to the right of any Party to seek further discovery in this adversary proceeding, whether relating to the Complaint or to any other matter, and shall not limit the scope of any such further discovery.

Dated: ____, 2026

By the Court,

_________________________________
HONORABLE JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE