**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TROSTERUD, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. 26-1104 |

**AMENDMENT TO TEMPORARY RESTRAINING ORDER**

This matter came before the Court on the *Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief, and Request for Expedited Determination* ("Motion") filed by the Plaintiff, PBTC Recovery Partners, LLC, ("Plaintiff"). Pursuant to the Motion, after a hearing on October 21, 2026, the Court entered a Temporary Restraining Order dated October 22, 2026 ("TRO") against Sissel Tordhol ("Tordhol") and John Does 1-10 ("Doe Defendants"). (Capitalized terms not otherwise defined shall have the meaning set forth in the TRO.) As more fully set forth in the TRO, the TRO sought to maintain the status quo with respect to the Bitcoin Assets and the Access Credentials which were sold to the Plaintiff pursuant to prior orders of the Court. Given the nature of the assets, the Bitcoin Assets and Access

Credentials are subject to immediate transfer, concealment or movement beyond the reach of the Court.

The Court held a further hearing on the TRO on October 29, 2026. At the hearing, PTBC made an offer of proof that (i) they had provided service to Tordhol at an address they believed was her personal residence, but required additional time to provide her actual notice, and (ii) they had reason to believe that certain of the Doe Defendants knew of the TRO, but required additional discovery to identify the individuals. Given the limited nature of the TRO, which seeks to maintain the status quo pending further order of the Court, the Court finds good cause to extend the TRO for a limited period as provided in this Order.

**IT IS ORDERED THAT:**

1. The TRO is extended through **5:00 p.m. on November 10, 2026,** and shall expire at such time unless otherwise ordered by the Court. Except as amended to extend the expiration date, the TRO remains in full force and effect.

2. The Court will hold a further hearing on the TRO on **November 10, 2026, at 2:00 p.m.** The hearing will be held in person at John W. McCormack Post Office and Court House, 5 Post Office Square, 12th Floor, Courtroom #3, Boston, MA. The hearing is scheduled as a Hybrid Hearing. Parties and counsel may participate in person in the Courtroom or by video conference using Zoomgov.com technology. Parties who wish to appear by video must request the link from the Courtroom Deputy Lisa Belanger, at lisa_belanger@mab.uscourts.gov no **later than 10:00 a.m. the business day before the hearing**. **Requests submitted after the deadline may not be accommodated and the Party should plan to attend in person in the Courtroom**. Appearance by video is limited to counsel and parties in interest. Public access will be in person only. A Hybrid Hearing is an official court proceeding and remote attendees are

required to act and dress in the same manner as in person hearings. Parties attending remotely must be in a quiet setting and must not be walking, driving, or performing other activities while participating in the hearing. Failure to comply may result in termination of access, sanctions, or other action by the Court.

3. This Amendment to the temporary restraining order is issued at **4:30 p.m. on October 29, 2026**.

4. The Plaintiff shall serve this Order on Tordhol and the Doe Defendants no later **November 2, 2026**.

Dated: October 29, 2026

Janet E. Bostwick

JANET E. BOSTWICK
UNITED STATES BANKRUPTCY JUDGE