**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>JASON M. KAHAN,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11592 |
| PBTC RECOVERY PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER PENN aka ALEX COLVIN, NILS TROSTERUD, SISSEL TORDHOL, QUANTUM RESOURCE GROUP QRG AS, NORDCAP ADVISORS AS, AND JOHN DOES 1-10,<br><br>Defendants. | Adv. Pro. No. 26-1104 |

**STATUS REPORT BY PBTC RECOVERY PARTNERS, LLC ON
AMENDMENT TO TEMPORARY RESTRAINING ORDER**

Plaintiff PBTC Recovery Partners, LLC ("PBTC" or "Plaintiff"), by and through its undersigned counsel, files this status report (the "Status Report") in connection with the continued hearing set for November 10, 2026 on the *Amendment to Temporary Restraining Order* [Adv. Pro. Dkt. No. 30] (the "Amended TRO"), amending the *Temporary Restraining Order* [Adv. Pro. Dkt. No. 19] (the "TRO"). In support thereof, Plaintiff states as follows:

1. Plaintiff commenced this adversary proceeding to recover the Bitcoin Assets[1] acquired by Plaintiff pursuant to a bankruptcy-court-supervised sale and to recover damages against certain parties.[2]

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Amended Complaint [Adv. Pro. Dkt. No. 39], TRO, and Amended TRO, as applicable.

[2] *See generally* Amended Complaint [Adv. Pro. Dkt. No. 39]; *Appendix in Support of Motion by PBTC*

2. On October 22, 2026, this Court entered the *Preliminary Injunction and Order Compelling Turnover of Bitcoin Assets* [Adv. Pro. Dkt. No. 18], as amended [Adv. Pro. Dkt. No. 22] (the "Preliminary Injunction"), including injunctive relief against Hunter Penn aka Alex Colvin, Nils Trosterud, NordCap Advisors AS, and Quantum Resource Group QRG AS, and scheduled a further evidentiary hearing on December 7, 2026 (the "Evidentiary Hearing").

3. On October 22, 2026, this Court also entered the TRO against Sissel Tordhol and John Does 1-10 (the "Doe Defendants").

4. On October 29, 2026, this Court entered the Amended TRO against Sissel Tordhol and the Doe Defendants and scheduled a further non-evidentiary hearing on November 10, 2026 (the "Continued TRO Hearing"). The Amended TRO is currently scheduled to expire on November 10, 2026 at 5:00 p.m.

5. In the Preliminary Injunction and the TRO, this Court found that, based on the current record, Plaintiff has shown a substantial likelihood of success on the merits as to its claims against one or more Defendants, and that Plaintiff has shown that immediate and irreparable injury, loss, or damage will result absent injunctive relief.

6. As described in the certificates of service filed in this adversary proceeding [Adv. Pro. Dkt. Nos. 27, 40], Plaintiff attempted to serve the TRO and the Amended TRO, among other documents, on Sissel Tordhol at the Gabels Gate 41, 0262 Oslo, Norway address. According to information Norwegian co-counsel, Advokatfirmaet Hjort AS ("Hjort"), obtained

---

*Recovery Partners, LLC for Preliminary Injunction and Related Relief* [Adv. Pro. Dkt. No. 2] ("Appendix"); *Affidavit of Adam D. Stein-Sapir* [Adv. Pro. Dkt. No. 3] (the "Stein-Sapir Affidavit"); *Affidavit of Christopher Fong* [Adv. Pro. Dkt. No. 4] (the "Fong Affidavit"); *Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* [Adv. Pro. Dkt. No. 5] (the "Preliminary Injunction Motion"); *Memorandum of Law in Support of Motion by PBTC Recovery Partners, LLC for Preliminary Injunction and Related Relief* [Adv. Pro. Dkt. No. 6] (the "Preliminary Injunction Memorandum").

from the Norwegian National Population Register (Folkeregisteret), Sissel Tordhol's registered permanent address is Gabels Gate 41, 0262 Oslo, Norway.

7. However, based on statements made by Nils Trosterud at the initial TRO hearing on October 21, 2026, Sissel Tordhol may not in fact reside at that address.

8. To address this unusual notice situation, PBTC respectfully requests that the Court, for good cause shown, further extend the Amended TRO through December 7, 2026, an additional twenty-seven (27) days, or for such other period as the Court deems appropriate, to permit the parties to complete the pending discovery which will allow PBTC to learn the actual location where Sissel Tordhol resides. *See Louhghalam v. Trump*, 230 F. Supp. 3d 26, 32 (D. Mass. 2017) ("The Court may extend temporary injunctive relief upon a showing of good cause."); *see, e.g.*, *Shipyard Software v. Kyunahn et al.*, Case No. 25-10475 (D. Mass. July 17, 2025) [Dkt. No. 28] (extending temporary restraining order thirty days after expedited discovery obtained from cryptocurrency exchange identified John Doe defendants in cryptocurrency theft case); *see id.* [Dkt. No. 32] (further extending temporary restraining order sixty days).

9. In addition, the identities of the Doe Defendants are presently unknown, and PBTC anticipates learning them through the ongoing expedited discovery. Accordingly, PBTC respectfully requests that any extended Amended TRO apply equally to the Doe Defendants.

Dated: November 9, 2026

**NIXON PEABODY LLP**

/s/ *Richard C. Pedone*

Richard C. Pedone (BBO # 630716)
Morgan C. Nighan (BBO # 679546)
Daniel P. McMonagle (BBO # 713426)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
Email: rpedone@nixonpeabody.com
mnighan@nixonpeabody.com
dmcmonagle@nixonpeabody.com

-and-

Christopher Fong (*pro hac vice*)
NIXON PEABODY LLP
55 West 46th Street
New York, NY 10036
Telephone: (212) 940-3724
Email: cfong@nixonpeabody.com

*Counsel to PBTC Recovery Partners, LLC*